THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NANCY ROSECRANS,<br><br>Plaintiff,<br><br>v.<br><br>DART ADAMSON & DONOVAN, LLC; and ADAMSON & HOGGAN LLC dba HOGGAN LEE HUTCHINSON, and ERIC LEE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00472-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Short Form Motion to Compel.[1] Defendants move to compel Plaintiff to answer Interrogatory Number 7. As set forth herein, the court grants the motion in part.

BACKGROUND

Plaintiff Nancy Rosecrans was formerly employed as a paralegal by Defendants. In 2017, Plaintiff left her employment with Jones Waldo, where she worked as Eric Lee's paralegal, to work with Mr. Lee at a new firm that he helped start, Hoggan Lee Hutchinson (HLH). As part of this transition, Ms. Rosecrans expressed concern about losing certain employment benefits, such as 401K matching, profit sharing, and accrued paid time off. Plaintiff alleges she received compensation assurances to help make up for these losses.

Plaintiff worked for Defendnats and received bonuses for her excellent work in December 2020. In February 2021, Plaintiff was involved in a very serious auto-pedestrian

---

[1] ECF No. 49.

accident where she suffered multiple severe fractures, a concussion, and several torn muscles. These injuries "substantially impaired" Plaintiff's ability to "sit, stand, move and lift heavy objects."[2] When Ms. Rosecrans returned to work in April 2021 she requested an accommodation for her claimed disability due to her injuries. Defendants denied her request and in August 2021, Ms. Rosecrans was terminated from her employment. Plaintiff brings eight claims against Defendants asserting multiple violations of the American with Disabilities Act, and claims for violations of certain promises she allegedly received. In contrast, Defendants argue Plaintiff's employment was terminated for legitimate reasons. The present dispute focuses on discovery and its relevance to the current matter.

## STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court."[3] Broad discretion allows a trial court to effectively manage its docket.[4] As long as a court does not make "a clear error of judgment or exceed[] the bounds of permissible choice in the circumstances," a court's "decision on discovery matters will not be disturbed" on review.[5]

Federal Rule 26 governs discovery. The rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[2] Amended Complaint at 9, ECF No. 28.

[3] *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

[4] *See White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015).

[5] *Id*. (citation modified).

>Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

## DISCUSSION

Defendants seek to compel Plaintiff to fully answer Interrogatory Number 7.

Interrogatory Number 7 states:

>Identify any legal proceeding, civil or criminal, judicial or administrative, or bankruptcy, in which you have been involved or are involved, and state the name, case number, and court or administrative agency in which such legal proceeding was filed and the nature of the claims and defenses at issue.[7]

In response Plaintiff provided

>Rosecrans objects to the interrogatory as irrelevant and lacking proportionality. Rosecrans objects to the interrogatory as seeking information that is equally accessible to the Defendants through the Utah Courts X-Change website and the federal PACER system.[8]

Defendants argue they are entitled to a more detailed response to this Interrogatory for two primary reasons. First, it is relevant based on the background facts in this case. Defendants assert that Plaintiff (1) asked to borrow money from HLH clients; (2) misappropriated money by arranging for a firm client to pay her directly rather than the firm; and (3) used HLH's credit cards without authorization. Further since her termination, "arrest warrants were issued to Plaintiff for shoplifting, forgery…, and theft, and she was sued in a civil action for fraud" and other claims.[9] Finally, Defendants note Plaintiff's past bankruptcy filing and her insurance settlement she received from the auto-pedestrian accident.

Second, Defendants rely on the broad discovery standards under Federal Rule 26 as applied to these background facts arguing Plaintiff's involvement in criminal proceedings is

---

[6] Fed. R. Civ. P. 26(b)(1) Scope in General.

[7] Plaintiff's Responses to Defendant' First Set of Interrogatories and Requests for Production at 5, ECF No. 49-1.

[8] *Id.*

[9] Motion at 2.

relevant to her credibility and may be admissible as impeachment evidence. Plaintiff's involvement in civil proceedings is also relevant to her credibility. Any proceedings relating to her auto-pedestrian accident is relevant to her ADA claims. And finally, any litigation arising from money Plaintiff borrowed from HLH's client is relevant to the reasons for her dismissal. The public availability of certain responsive information, according to Defendants, does not relieve Plaintiff of her obligation to participate in discovery.

      The court is not fully persuaded by Defendants arguments. The court agrees with Plaintiff that her bankruptcy in 2010, over ten years before she was terminated, is not relevant to this matter. Next, Plaintiff objects to Defendants' characterization that she asked for loans. Rather, Ms. Rosecrans alleges any loan was offered by a client. The dispute concerning any loan is immaterial to the court's decision because Plaintiff provides any such loan has been repaid and there is nothing before the court indicating any loan was part of litigation as sought by Interrogatory Number 7. Therefore, no further discovery response is needed.

      Similarly, Plaintiff notes that shortly after being hit by a car she was involved in two incidents in retail stores and entered a plea in abeyance. All charges were subsequently dismissed. More importantly, in the court's view, is that this occurred after Defendants terminated Plaintiff's employment. Thus, significantly reducing any relevance. Plaintiff's litigation with her ex-husband is also not relevant to the instant case. Finally, evidence of past "crimes, wrongs, or acts" is not admissible evidence to show that a person "acted in accordance with the character or trait."[10] Although evidence need not be admissible to be discoverable at this

---

[10] Fed. R. Evd. 404(b).

stage of the proceedings, much of what Defendants seek is the type of discovery that courts routinely decline to order.[11]

The court, however, is persuaded that matters surrounding Plaintiffs auto-pedestrian accident are relevant to her ADA claims. For example, litigation regarding a settlement of Plaintiff's claims in relation to that accident may provide evidence regarding whether Plaintiff needed any accommodation when returning to work as she alleges. Thus, Plaintiff is to answer Interrogatory Number 7 as it relates to her auto-pedestrian accident.

## CONCLUSION

For the reasons set forth above, Defendants' Motion is DENIED IN PART AND GRANTED IN PART. Plaintiff is to update her response to Interrogatory Number 7 as pertaining to matters surrounding her auto-pedestrian accident. An updated response is to be provided within thirty days from the date of this order.

IT IS SO ORDERED.

DATED this 11 February 2026.

Dustin B. Pead
United States Magistrate Judge

---

[11] Fed. R. Civ. P. 26(c) (The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters").