THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NANCY ROSECRANS,<br><br>          Plaintiff,<br><br>v.<br><br>DART ADAMSON & DONOVAN, LLC; and ADAMSON & HOGGAN LLC dba HOGGAN LEE HUTCHINSON, and ERIC LEE,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00472-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Amended Scheduling Order.[1] Plaintiff seeks a scheduling order that provides an additional 90-days of fact discovery and seeks expedited consideration of the motion. Defendants oppose the request. As set forth herein the court will grant in part the motion.

## BACKGROUND

Plaintiff Nancy Rosecrans was formerly employed as a paralegal by Defendants. In 2017, Plaintiff left her employment with Jones Waldo, where she worked as Eric Lee's paralegal, to work with Mr. Lee at a new firm that he helped start, Hoggan Lee Hutchinson (HLH). As part of this transition, Ms. Rosecrans expressed concern about losing certain employment benefits, such as 401K matching, profit sharing, and accrued paid time off. Plaintiff alleges she received compensation assurances to help make up for these losses.

---

[1] ECF No. 52. The Motion is filed under seal due to Plaintiff pointing to private medical information. Because this order does not specifically address Plaintiff's medical conditions, the court does not seal this order.

Plaintiff worked for Defendants and received bonuses for her excellent work in December 2020. In February 2021, Plaintiff was involved in a very serious auto-pedestrian accident where she suffered multiple severe fractures, a concussion, and several torn muscles. These injuries "substantially impaired" Plaintiff's ability to "sit, stand, move and lift heavy objects."[2] When Ms. Rosecrans returned to work in April 2021 she requested an accommodation for her claimed disability due to her injuries. Defendants denied her request and in August 2021, Ms. Rosecrans was terminated from her employment. Plaintiff brings eight claims against Defendants asserting multiple violations of the American with Disabilities Act, and claims for violations of certain promises she allegedly received. In contrast, Defendants argue Plaintiff's employment was terminated for legitimate reasons.

The present dispute focuses on a request for an extension of fact discovery and all subsequent deadlines. In support Plaintiff points to the difficulties arising from her medical conditions following her involvement in an auto pedestrian accident. Defendants sympathize with Plaintiff, but dispute how her medical conditions justify an extension of 90-days.

## STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent."[3] "In practice, this standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent

---

[2] Amended Complaint at 9, ECF No. 28.

[3] Fed. R. Civ. P. 16(b)(4).

2

efforts."[4] "[G]ood cause obligates the moving party to provide an adequate explanation for any delay."[5]

### DISCUSSION

Plaintiff cites her medical restrictions and issues as the reason she has been unable to complete fact discovery within the deadlines. Specifically, the side-effects of certain medications have made it difficult for her to participate fully in this litigation and affected her cognitive abilities. Couple this with her inability to sit or stand for more than two hours a day and it has been challenging for her to adequately participate in this litigation.

Defendants provide they have agreed to accommodate Plaintiff's medical restrictions when scheduling and taking her deposition, even offering to conduct it in two-hour increments on separate days. However, it is unclear how Plaintiff's alleged "cognitive abilities" have precluded her from reviewing documents or how this has prevented her counsel from taking depositions in this case.

The court is persuaded that Plaintiff's cited medical restrictions do establish good cause to amend the schedule. She has participated in discovery, yet given her medical conditions, the court is persuaded it has been difficult. Based on the history of this case and the parties' pleadings, however, the court is not persuaded that the full 90-day extension should be granted. The court agrees that it is unclear why Plaintiff's counsel could not actively engage in depositions "to determine whether the two Defendants are her joint employer or single employer under the factors set forth in *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225-27

---

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.Colo.2001)). *See also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.").

[5] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotation modified).

(10th Cir. 2014)."[6] Perhaps Plaintiff's conditions inhibit full efficiency between her and her counsel. Although it is unclear exactly what those inefficiencies are. Defendants ask this court to ensure that to the extent Plaintiff's Motion is granted that no further extensions of fact discovery be permitted. On the record before it, the court agrees with this request.

## ORDER

For the reasons set forth above Plaintiff's Motion for Amended Scheduling Order is GRANTED IN PART. The schedule is amended to provide an additional 45 days of fact discovery from the date of this order with an extension of all other subsequent deadlines. The court is not inclined to grant any further extensions unless severe hardship is shown.

IT IS SO ORDERED.

DATED this 8 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[6] Reply in support of Motion at 2.