THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NANCY ROSECRANS,<br><br>Plaintiff,<br>v.<br><br>DART ADAMSON & DONOVAN, LLC; and ADAMSON & HOGGAN LLC dba HOGGAN LEE HUTCHINSON, and ERIC LEE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00472-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Before the court are two motions. Plaintiff moves the court to amend the schedule requesting an additional 90 days of fact discovery, with an extension of all subsequent deadlines.[1] Plaintiff's Counsel, Austin Egan, seeks to withdraw as counsel for Plaintiff based on "irreconcilable disagreements."[2] Having considered the record in this case and the parties' briefing, the court will grant the Motion to Withdraw and deny the Motion to Amend Scheduling order.

**BACKGROUND**

As noted in its prior decision, Plaintiff Nancy Rosecrans left her employment with Jones Waldo, where she worked as Eric Lee's paralegal, to work with Lee at a new firm he helped start, Hoggan Lee Hutchinson (HLH). Lee and HLH are named Defendants in this case. Rosecrans expressed concern about losing certain employment benefits, such as 401K matching,

[1] Redacted Motion for Amended Scheduling Order, ECF No. 65.

[2] Motion to Withdraw as Counsel at 1, ECF No. 74.

profit sharing, and accrued paid time off with moving jobs. Plaintiff alleges she received compensation assurances to help make up for these losses.

Rosecrans worked for Defendants and received bonuses for her excellent work in December 2020. In February 2021, Plaintiff was involved in a very serious auto-pedestrian accident where she suffered multiple severe fractures, a concussion, and several torn muscles. These injuries "substantially impaired" Plaintiff's ability to "sit, stand, move and lift heavy objects."[3] Plaintiff returned to work but eventually was terminated from her employment. The parties disagree concerning the reasons for Plaintiff's termination. Plaintiff brings eight claims against Defendants asserting multiple violations of the American with Disabilities Act and claims for violations of certain promises she allegedly received. In contrast, Defendants argue Plaintiff's employment was terminated for legitimate reasons.

On June 8, 2026, the court granted in part Plaintiff's request for an amended scheduling order providing for an additional 45 days of fact discovery and extending the other deadlines. The court declined Plaintiff's request for an extension of 90 days, finding it unsupported by the record and Plaintiff's arguments. Rosecrans once again moves the court for an extension of 90 days.

## STANDARD

Plaintiff's Motion to Amend Schedule is governed by two sections in the Federal Rules. First, by Fed. R. Civ. P. 16(b)(4), which provides a scheduling order "may be modified only for good cause and with the judge's consent."[4] Second, because Rosecrans request was made after the discovery deadline expired, the Motion is also governed by Fed. R. Civ. P. 6(b)(1)(B), which

[3] Amended Complaint at 9, ECF No. 28.

[4] Fed. R. Civ. P. 16(b)(4).

provides that the court may "for good cause, extend after it has expired "if the party failed to act because of excusable neglect."[5] Therefore, Plaintiff must show both good cause and excusable neglect.

The Tenth Circuit has noted that good cause and excusable neglect are not identical but are interrelated.[6] The Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much as* would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[7]

"[G]ood cause' requires a greater showing than 'excusable neglect."[8] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[9] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[10]

In considering whether excusable neglect is shown, a court considers all relevant circumstances surrounding a party's omission. These include four pertinent factors, which are: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the

---

[5] Fed. R. Civ. P. 6(b)(1)(B).

[6] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[7] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (citation modified), *see also Putnam*, 833 F.2d at 905.

[8] *In re Kirkland*, 86 F.3d at 175.

[9] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[10] *Id.* at 701 (citation modified).

reasonable control of the movant; and (4) whether the movant acted in good faith.[11] The Tenth Circuit has held that the third factor, fault in the delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[12]

## DISCUSSION

### I. Motion for Amended Scheduling Order

The current Motion for Amended Scheduling Order is not brought in a vacuum. The fact discovery deadline was originally set for February 16, 2026.[13] The court then granted the parties' stipulated motion to extend the schedule in this case.[14] On June 8, 2026, the court extended the discovery deadline another time granting in part Plaintiff's Motion for Amended Scheduling Order.[15] In that order the court rejected Rosecrans' request for a 90-day extension and instead granted a 45-day extension. The court considered Plaintiff's arguments concerning her medical restrictions, side-effects of certain medications, and the alleged impacts on her cognitive abilities. After doing so, the court found good cause to amend the schedule. However, the court was not persuaded that a 90-day extension should be given because it was "unclear why Plaintiff's counsel could not actively engage in depositions" and it was unclear exactly what

[11] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023) (unpublished) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Shifers v. Arapahoe Motors, Inc*., No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (providing that although the Pioneer Court's "discussion of excusable neglect ... concerned Bankruptcy Rule 9006(b)(1), ... its analysis rested on the plain meaning of the terms.... Accordingly, the Court of Appeals for the Tenth Circuit has extended the Pioneer standard of excusable neglect to motions arising under ...Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified).

[12] *City of Chanute, Kan. v. Williams Nat. Gas Co*., 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986) (finding excusable neglect where filing delay occurred because defendant was seriously ill, heavily medicated, and not represented by counsel)).

[13] Scheduling Oder at 4, ECF No. 46.

[14] Amended Scheduling Order, ECF No. 48.

[15] Memorandum Decision and Order, ECF No. 64.

claimed inefficacies precluded timely prosecution of this case.[16] At the conclusion of its order granting in part Plaintiff's Motion the court provided that it was "not inclined to grant any further extensions unless severe hardship is shown."[17]

In the current Motion Plaintiff offers essentially the same arguments raised previously – her "medical conditions have been particularly challenging and debilitating"[18] undermining her ability to timely prosecute this case. In support Rosecrans submits a doctor's letter noting certain problems with her health. Plaintiff also points to actions in this case since the last discovery extension arguing she has acted with diligence. This includes scheduling a "very important deposition." Yet, despite these alleged diligent efforts, Rosecrans needs additional time to schedule depositions and conduct other discovery. Rosecrans argues that without this discovery she will suffer "extreme prejudice in proving the merits of her claims."[19]

The record belies Rosecrans' arguments. Although Plaintiff served a Rule 30(b)(6) deposition notice on June 8, 2026, she offers no justification for failing to schedule the deposition before the discovery cutoff. Indeed, Defendants point to multiple unreturned attempts to schedule the deposition. Plaintiff similarly fails to explain why the present Motion was not filed prior to the expiration of the discovery deadline. Instead, Rosecrans contends that Defendants failed to demonstrate how filing the Motion post-deadline precludes a finding of good cause or excusable neglect. This argument improperly inverts the applicable legal standard. The burden rests on Plaintiff, not Defendants, to establish good cause and excusable neglect.

---

[16] *Id.* at 3-4.

[17] *Id.* at 4.

[18] Motion to Amend Scheduling Order at 4.

[19] *Id.* at 5.

To establish good cause, the moving party must demonstrate that the deadline could not be met despite diligent efforts.[20] Rosecrans fails to meet this standard. Noticeably, Rosecrans scheduled a deposition but failed to follow through—offering no explanation for why it was not completed. In reply to the Motion, Rosecrans identifies additional necessary depositions without explaining why they were not noticed before the deadline. Furthermore, while the court is sympathetic to Rosecrans' health conditions, these circumstances do not establish good cause where Plaintiff simultaneously engaged in other discovery, such as attending Defendant Eric Lee's deposition. Sympathy cannot override the governing standard, which Plaintiff has failed to satisfy.

In considering excusable neglect, courts generally look to four pertinent factors -- (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.[21] The Tenth Circuit has held that the third factor, fault in the delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[22]

The fault for delay here lies with Rosecrans. Although the court has considered the letter submitted by Rosecrans' physician, the conditions described do not rise to the level of those

---

[20] *Utah Republican Party*, 678 F. App'x 697, 700-01.

[21] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023) (unpublished) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Shifers v. Arapahoe Motors, Inc*., No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (providing that although the Pioneer Court's "discussion of excusable neglect ... concerned Bankruptcy Rule 9006(b)(1), ... its analysis rested on the plain meaning of the terms.... Accordingly, the Court of Appeals for the Tenth Circuit has extended the Pioneer standard of excusable neglect to motions arising under ...Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified).

[22] *City of Chanute, Kan.*, 31 F.3d at 1046 (citing *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986) (finding excusable neglect where filing delay occurred because defendant was seriously ill, heavily medicated, and not represented by counsel)).

recognized by the Tenth Circuit in *Andrews*,[23] where excusable neglect was found due to severe illness, heavy medication, and a lack of legal representation. Here, Plaintiff is represented by counsel, making the failure to meet deadlines particularly concerning. The remaining factors also weigh against a finding of excusable neglect. Reopening discovery for multiple depositions that should have been conducted months ago would prejudice Defendants. Moreover, Rosecrans fails to demonstrate good faith under the excusable neglect analysis. Finally, while the length of the delay is relatively minimal in the context of this litigation, that factor alone is insufficient to establish excusable neglect.

In sum, the court finds Rosecrans fails to establish good cause and excusable neglect. Therefore, the court will deny the Motion.

**II. Motion to Withdraw as Counsel**

At the outset, the court expresses concern about the timing of this Motion. Fact discovery is now closed, and the record demonstrates that certain discovery, including depositions, were not sought in a timely manner. Counsel asserts that the Motion should be granted due to "irreconcilable disagreements regarding his representation."[24] Plaintiff has not filed a response, and Counsel represents that arrangements have been made to promptly transfer Plaintiff's file to incoming counsel. Defendants do not object to the withdrawal, provided it is not utilized as a basis to reopen fact discovery or seek additional time to conduct further discovery.

Despite its reservations concerning the timing of the Motion, the court will grant the Motion and stay this action for 28 days to allow Plaintiff to retain new counsel or enter a pro se appearance on the record.

---

[23] 790 F.2d 803, 806 (10th Cir.1986).

[24] Motion to Withdraw as Counsel at 1, ECF No. 74.

**ORDER**

For the reasons set forth above Plaintiff's Motion for Amended Scheduling Order is DENIED. Plaintiff's Counsel's Motion to Withdraw is GRANTED.

This case is stayed for 28 days. **Within 21 days of the date of this order** an attorney must file an appearance on behalf of Plaintiff, or if Plaintiff intends to proceed without an attorney, Plaintiff must file a Notice of Appearance by this same deadline.[25]

IT IS SO ORDERED.

DATED this 21 September 2026.

Dustin B. Pead
United States Magistrate Judge

[25] *See* DUCivR 83-1.4(c) (2025) (outlining the procedures after entry of an order of withdrawal).